**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-12-390-PHX-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Laureano Vasquez-Vasquez, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case arises on Defendant's motion, entitled " Motion to Continue Admit/ Deny Hearing," doc. 26, when this matter is, in fact, set for an admission or revocation hearing. (Doc. 26)

**I. Background**

On December 28, 2012, Defendant was arrested for allegedly violating the terms of his supervised release. On January 2, 2013, an initial appearance was held; defense counsel was appointed; a preliminary revocation hearing was waived; Defendant was held to answer the allegations in the petition; and, at the request of defense counsel, an admission or revocation hearing was set for January 30, 2013 at 10:00 a.m. (Doc. 22) The Court directed defense counsel to notify the assigned prosecutor, no less than two business days prior to the hearing, if the Defendant will proceed with an admission, keeping open the option of conducting an admission upon Defendant's request with fair notice to the Government so it may cancel any hearing witnesses and obviate the need for revocation hearing preparation.

On January 25, 2013, Defendant filed the subject Motion, requesting a continuance of "at least thirty (30) days" because counsel for the Government and Defendant are engaging in discussions to resolve Defendant's two pending cases in one proceeding. (*Id.* at 1) The Motion indicates additional time "[i]s needed to allow defense counsel to properly prepare and advise the Defendant on his options and rights." (*Id.*) The Motion further indicates Assistant U. S. Attorney Ian Simons has no objections to the requested continuance. (*Id.*) Defendant's Motion does not, however, indicate whether Defendant himself consents to the continuance or counsel has even discussed a continuance with his detained client.

## II. Timeliness of Revocation Hearings

"A district court may revoke a term of supervised release only if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'"[1] *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) (citing 18 U.S.C. § 3583(e)(3); see also *United States v. Francis*, 2012 WL 3289833, at 1 (D. Ariz. Aug. 13, 2012). "Although this is a lower standard than the 'beyond a reasonable doubt' standard required for a criminal conviction, there must still be credible evidence the releasee actually violated the terms of supervised release." *Id.* It is well-established that supervised release and probation revocation hearings are informal proceedings in which the rules of evidence, including those pertaining to hearsay, need not be strictly applied. Fed.R.Evid. 1101(d)(3); *United States v. Walker*, 117 F.3d 417, 421 (9th Cir. 1997); *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012).

Federal Rule of Criminal Procedure 32.1(b)(2) mandates a district court "must hold the revocation hearing *within a reasonable time* in the district having jurisdiction." (emphasis added). Rule 32.1(b)(2), Fed.R.Crim.P., however, does not address what constitutes a "reasonable time" or establish the legal standard to authorize a continuance

---

[1] "Parole, probation, and supervised release revocation hearings are constitutionally indistinguishable and are analyzed in the same manner." *United States v. Hall*, 419 F.3d 980, 987 n. 4 (9th Cir. 2005) (citation omitted)

- 2 -

once a revocation hearing has been set.

According to the Advisory Committee's Notes to 32.1(b)(2)'s predecessor, Rule 32.1(a)(2),

> [m]andates a final revocation hearing within a reasonable time to determine whether the probationer has, in fact, violated the conditions of his probation and whether his probation should be revoked. Ordinarily this time will be measured from the time of the probable cause finding (if a preliminary hearing was held) or of the issuance of an order to show cause. *However, what constitutes a reasonable time must be determined on the facts of the particular case, such as whether the probationer is available or could readily be made available.*

Rule 32.1(a)(2), advisory committee's notes (emphasis added); *see also United States v. Santana*, 2007 WL 1125684, at *2 (S.D. Cal. April 16, 2007).

Few Ninth Circuit cases discuss what constitutes a reasonable time in which a district court must conduct a revocation or probation hearing. In *United States v. Clements*, 78 Fed.Appx. 640 (9th Cir. 2003), Rule 32.1(b)(2) was described by one concurring circuit judge as "a type of speedy-trial rule for all probation and supervised-release revocation hearings." 78 Fed.Appx. 640, at *1. In *Clements*, the majority found the six-month delay from execution of the arrest warrant to the show cause hearing was not an unreasonable delay under the circumstances, citing *United States v. Hill*, 719 F.2d 1402, 1404-05 (9th Cir. 1983) and *United States v. Hamilton*, 708 F.2d 1412, 1415 (9th Cir. 1983).

Generally, a district court may extend the time period for performing a particular act upon a showing of good cause. Fed.R.Crim.P. 45(b)(1)(A).[2] Like 18 U.S.C. § 3142(f), neither Rule 45 nor Rule 32.1(b)(2) define "good cause" for continuing a revocation hearing, especially in the context of a defendant's request to continue his own revocation hearing.

---

[2] Federal Rule of Criminal Procedure 45(b)(1)(A) provides that "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . before the originally prescribed or previously extended time expires; . . . ."

- 3 -

Good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Continue Admit/Deny Hearing, doc. 26, is **GRANTED**

**IT IS FURTHER ORDERED** resetting the admission or revocation hearing from January 30, 2013 to **Friday, March 1, 2013 at 10:00 a.m.**

**IT IS FURTHER ORDERED** defense counsel shall notify the Government two business days prior to the hearing if the Defendant will proceed with an admission.

**IT IS FURTHER ORDERED** there shall be no further continuances of the revocation or admission hearing.

Dated this 25th day of January, 2013.

Lawrence O. Anderson
United States Magistrate Judge